J-S61005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRYNN WAYNE GRIFFIN, | |
| Appellant | No. 1099 WDA 2015 |

Appeal from the PCRA Order entered June 29, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division, at No(s): CP-02-CR-0009985-1996

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                 **FILED SEPTEMBER 06, 2016**

Brynn Wayne Griffin ("Appellant") appeals from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts underlying Appellant's convictions have been summarized as follows:

> In the late evening of July 11, 1995, or early morning July 12, 1995, the victim was sexually assaulted by Appellant. The victim testified that Appellant, who was engaged to her sister, came into her bedroom and awakened her, claiming that he needed to talk to her. After talking about various problems in his life, Appellant stated that he believed that he and the victim should become lovers. Appellant exposed himself, pulled out a knife, and began rubbing his body against the victim. The victim testified that, against her will, Appellant placed his fingers insider her vagina and also performed oral sex on her while holding a knife to her throat. About twelve hours after the incident, the victim reported to medical personnel at a local hospital where she was examined.

Appellant was arrested in July 1996. He initially denied engaging in any sexual activity with the victim. However, he eventually admitted to police that he had been in the victim's bedroom the night of the attack, had touched the victim and rubbed his body against hers. He continued to deny raping the victim, touching her genitals or engaging in oral sex.

***Commonwealth v. Griffin***, 1901 WDA 2000, at 2 (Pa. Super., filed 7/16/02) (unpublished memorandum).

At the conclusion of a bench trial on May 18, 1998, the court convicted Appellant of involuntary deviate sexual intercourse, sexual assault, and aggravated indecent assault. The court found Appellant not guilty of rape. On August 20, 1998, the trial court sentenced Appellant to an aggregate term of six to twenty years of imprisonment, to be followed by an eight-year probationary term.

Appellant did not initially file a direct appeal. But his appellate rights were later reinstated on October 19, 2000. Appellant filed a timely appeal, and we affirmed his judgment of sentence on July 16, 2002. ***See Griffin***, ***supra***. Our Supreme Court denied Appellant's petition for allowance of appeal on August 6, 2003. ***See Commonwealth v. Griffin***, 829 A.2d 1156 (Pa 2003) (Table).

Appellant filed a *pro se* PCRA petition on November 9, 2004. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. Following an evidentiary hearing, the PCRA dismissed Appellant's PCRA petition on March 23, 2007. Appellant filed a timely appeal, and this Court affirmed the order denying post-conviction relief. ***See Commonwealth v.***

***Griffin***, 676 WDA 2007 (Pa. Super., filed 6/2/08). Thereafter, Appellant unsuccessfully sought post-conviction relief, in both state and federal courts, in 2009, 2011 and 2012. ***See Commonwealth v. Griffin***, 1089 WDA 2012, at 2 (Pa. Super., filed 8/16/13) (setting forth procedural history).

On March 9, 2015, prior counsel filed the PCRA petition at issue—Appellant's *fourth*. Within this petition, Appellant asserted that he timely filed his PCRA petition within sixty days of receipt of a sworn affidavit from the victim's mother, in which the mother states that the victim recanted her trial testimony prior to her death in 2011. The Commonwealth moved to dismiss the petition, asserting that Appellant knew of the mother's assertion from an earlier affidavit he received in 2013. According to the Commonwealth, Appellant's latest PCRA petition was untimely because Appellant did not file it within sixty days of receiving the 2013 affidavit. The PCRA court issued notice of its intent to dismiss the petition as untimely. Prior counsel filed a response.

At a hearing, the Commonwealth reiterated its argument regarding the untimeliness of Appellant's fourth petition. In response, Appellant's prior counsel opined that the 2013 affidavit was not sufficiently exculpatory; he informed the court that once he contacted the victim's mother he told her she had to be more specific, and she then averred that the victim fully recanted. Thus, according to prior counsel, Appellant timely filed his latest PCRA petition within sixty days of receiving the 2015 affidavit. ***See*** N.T., Hearing, 6/12/15, at 5-9.

The PCRA court dismissed Appellant's PCRA petition. This timely appeal follows. Appellant raises the following issue: "Whether the [PCRA] court erred in dismissing Appellant's [PCRA petition] based on 'after-discovered evidence,' when the petition was filed within 60 days after Appellant learned of the critical fact upon which the petition is predicated?" Appellant's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Because this is Appellant's fourth petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." **Commonwealth v. Burkhardt**, 833 A.2d 233, 236 (Pa.

Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." **Id**. (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, **see** 42 Pa.C.S.A. § 9545(b)(1), unless the petition alleges, and the petitioner proves, that an exception to the timeliness requirement exists, **see** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Hernandez**, 79 A.3d 651-52 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on or about November 6, 2003, when the ninety-day time period for filing a writ of certiorari with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, Appellant had until November 6, 2004 to file a timely PCRA petition. As Appellant filed the instant petition in 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

As noted, Appellant claims that he timely filed the PCRA petition at issue within sixty days of receiving the 2015 affidavit. When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under § 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Here, the PCRA court found that Appellant did not demonstrate the exercise of due diligence. We agree.

It is undisputed that, in late 2014, Appellant sent prior counsel a 2013 affidavit he had received from the victim's mother. This affidavit read, in pertinent part, as follows:

> Prior to [the victim's] untimely death, she informed me that she wanted to make things right and be forgiven for the bad things she had done.
>
> She informed me that Detective Larry Miller and some lady from an organization called "Pittsburgh Action Against Rape" forced her to pursue charges against [Appellant], and instructed her to do whatever she could, to get evidence to put [Appellant] behind bars for a long time.
>
> [The victim] shared with me that *she told them that nothing really happened*, and she did not want to press charges. She was upset because she liked [Appellant], but she realized that she was doing was wrong.

> [The victim] told me that Detective Miller threatened that is she didn't go forward with the charges, he would file charges against her for filing a false report. She was afraid, and did what the detective told her. She told me that Detective Miller coached her through the trial, and even showed her notes during her questioning at the preliminary hearing until [Appellant's] lawyer caught him.
>
> Before passing away, [the victim] expressed extreme regret for the pain she has caused, and begged me to do my best to make it right.

*See* Appellant's Brief at 11 (emphasis added). A comparison of that affidavit with the one the victim's mother later signed in 2015 reveals that they are nearly identical except for the following final sentence in the latter affidavit: "On several occasions [the victim] told me that she lied about [Appellant] and that he never assaulted her or tried to rape her."

In responding to the PCRA court's notice of its intent to dismiss, Appellant's prior counsel stated:

> [Appellant] had nothing to present the [PCRA] court that would be anything but frivolous with respect to the earlier affidavit from [the victim's mother]. The second affidavit was the first time [the victim's mother] was saying what she was saying about the victim informing her that she had lied. The Commonwealth may be unaware, and Appellant, should disclose, that [the victim] is deceased.

Response, 4/28/15, at 2.[1]

_____

[1] At the conclusion of the PCRA hearing, prior counsel asked to withdraw, and present counsel was subsequently appointed.

Appellant cites no case law to demonstrate that an absolute recantation is necessary prior to the filing of a petition claiming newly-discovered evidence. And we know of none. Given Appellant's previous *pro se* requests for post-conviction relief, his failure to exercise due diligence in this instance cannot be excused. **Compare Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2014) (concluding that *pro se* litigant exercised due diligence in filing serial petition based upon affidavit in which a Commonwealth witness indicated he fabricated his trial testimony regarding the defendant's confession). Indeed, in the same response, prior counsel informed the PCRA court that subsequently when he contacted the victim's mother to obtain her address, "she began screaming that she lied in the affidavit." Response, 4/28/15, at 2.

In sum, the PCRA court correctly determined that Appellant failed to exercise due diligence in filing his newly-discovered evidence claim. Therefore, the PCRA court properly found Appellant's fourth PCRA petition to be untimely, and we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/2016